ON THIRD RETURN TO REMAND
On September 30, 1993, this Court remanded this case for a third time and instructed the trial court to:
 "1. Carefully and conscientiously examine and reconsider its determination that death is a proper sentence in this case and that the recommendation of the jury should be rejected.
 "2. Carefully and conscientiously reweigh the aggravating and mitigating circumstances the trial court finds applicable in this case.
 "3. Enter a new, independent, self-sufficient, and complete sentencing order which contains no reference to its prior sentencing orders.
 "4. Set forth in that sentencing order specific written findings concerning the existence or nonexistence of each aggravating circumstance enumerated in § 13A-5-49, each mitigating circumstance offered pursuant to § 13A-5-51, and any additional mitigating circumstances offered pursuant to § 13A-5-52.
 In determining the existence or nonexistence of the aggravating circumstance defined in Ala. Code 1975, § 13A-5-49(1), and *Page 352 
the mitigating circumstance found in Ala. Code 1975, § 13A-5-51(1), the trial court may consider evidence of only those convictions recognizable under Alabama law.
 "5. State the reasons why any aggravating circumstance or circumstances outweigh the mitigating circumstance(s)." (Emphasis in original.)
The case was resubmitted on return to remand on October 14, 1993. Although the appellant requested and was given additional time to file a brief after the return to remand was filed, no brief has been filed and no issues have been presented.
 I
In its sentencing order dated October 6, 1993, the trial court found the existence of two statutory aggravating circumstances: 1) that the appellant committed a capital murder while engaged in the commission of robbery in the first degree, and 2) that the offense was especially heinous, atrocious or cruel when compared to other capital offenses. The trial court found the existence of one statutory mitigating circumstances: that the appellant did not have a significant history of prior criminal activity. The trial court also found the existence of nonstatutory mitigating circumstances: 1) The appellant's father died when he was very young and he is the oldest of seven children born to his mother. He was involved in sports at Abbeville High School until he was expelled for selling drugs upon the school grounds during his junior year in high school. 2) The appellant "has been a cooperative prisoner and has caused no problems at the Henry County Jail."
The trial court then reweighed the aggravating and mitigating circumstances in sentencing the appellant to death:
 "The Court has reconsidered and reevaluated the aggravating and mitigating circumstances presented in this case and reconsidered the jury's advisory verdict of life imprisonment. In this case the victim was an elderly woman known by the Defendant to be living alone in her home. The Defendant and another entered her home, inflicted a wanton beating, cuttings, and strangulation of her causing great distress, pain, and the breaking of the blade of one knife during the stabbing that occurred requiring an additional knife to inflict more stab wounds.
 "The Court finds that although the Defendant has raised more mitigating circumstances in number than aggravating circumstances, the seriousness of the first aggravating circumstance and the atrocity and heinousness of the second outweigh the mitigating circumstances proved as well as those raised."
The trial court has complied with the instructions of this Court issued on the third remand.
 "The process . . . of weighing the aggravating and mitigating circumstances to determine the sentence shall not be defined to mean a mere tallying of aggravating and mitigating circumstances for the purpose of numerical comparison. Instead, it shall be defined to mean a process by which circumstances relevant to sentence are marshalled and considered in an organized fashion for the purpose of determining whether the proper sentence in view of all the relevant circumstances in an individual case is life imprisonment without parole or death."
Ala. Code 1975, § 13A-5-48.
 II
As required by Ala. Code 1975, § 13A-5-53, we now review the propriety of the death penalty in this case.
We have searched the record and found no error adversely affecting the rights of the appellant at any stage of the proceedings. The trial court's findings concerning the aggravating and mitigating circumstances are supported by the evidence.
In determining that death is the proper sentence in this case, we find that the sentence of death was not imposed under the influence of any passion prejudice, or other arbitrary factor. Our independent weighing of the aggravating and mitigating circumstances indicates that death is the proper sentence. Here, the sentence of death is neither excessive nor disproportionate to the *Page 353 
penalty imposed in similar cases, considering both the crime and the appellant.
We are convinced that the appellant received a fair trial on the issues of both guilt and sentence. The appellant's conviction and sentence are affirmed.
OPINION EXTENDED;
AFFIRMED.
All Judges concur.